UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CASE NO.  5:09CV-39-R

**DOUGLAS BASSETT,**
1365 State Route 1271
Kuttawa, Ky 42055

**On Behalf of Himself and the
Group he Seeks to Represent**                                           **PLAINTIFF**

v.

**TENNESSEE VALLEY AUTHORITY**                                          **DEFENDANT**
400 West Summit Hill Drive
Knoxville, TN 37902

**SERVE:**
U. S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Clerk
U.S. Attorney's Office - Louisville
510 W. Broadway, 10th Floor
Louisville, KY 40202

Tennessee Valley Authority
400 W. Summit Hill Drive
Knoxville, TN 37902-1499

## COMPLAINT

Comes the Plaintiff, Douglas E. Bassett (hereinafter "Mr. Bassett") for himself and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), and for his Complaint against the Defendant, Tennessee Valley Authority, a federal corporation of the United States government (hereinafter "TVA"), states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, 29 U.S.C. § 201 et seq. and specifically the collective action provision of the Act found at Section 216(b).

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Defendant is subject to personal jurisdiction in the Commonwealth of Kentucky for the purpose of this lawsuit.

4. Venue is proper in the Western District of Kentucky under 28 U.S.C. § 1391(a) & (b).

## PARTIES

5. Plaintiff, Douglas Bassett, is and at all times material to this action has been a United States citizen and a resident of Lyon County, Kentucky. Mr. Bassett was an

employee of the TVA, working as a member of a dredging crew, from November 14, 1987 to January 4, 2008. His official workstation with the TVA was located in Paducah, Kentucky.

6. The Defendant, Tennessee Valley Authority, is an agency of the United States Government with its corporate headquarters in Knoxville, Tennessee.

## GROUP ALLEGATIONS

7. Plaintiff seeks to bring this case as a collective action under the provisions of 29 U.S.C. § 201, et seq., and, specifically, the collective action provision of the Act found at Section 216(b).

8. The Plaintiff group is composed of the named Plaintiff and all present and former employees who work or worked on the dredging crew for Defendant, TVA, and are or were entitled to overtime payments under federal law.

9. Defendant has intentionally and repeatedly misrepresented the availability of compensation for travel outside bulletined hours to its employees and sought to avoid inquiry by employees regarding their entitlement to monies owed to them. Plaintiff and other similarly situated present and former employees relied upon these misrepresentations by Defendant and were unable to determine their entitlement to such overtime compensation under the FLSA by the exercise of reasonable diligence

because of those misrepresentations.

10. As a result of the actions of Defendant in fraudulently concealing the availability of overtime compensation for time spent traveling outside of bulletined work hours, the statute of limitations which governs FLSA actions is tolled for as long as defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least 10 years. Defendant is, therefore, estopped from raising any such statute of limitations as even a partial bar.

11. The rights that Plaintiff seeks to enforce for himself and for the Plaintiff group contain common questions of law and fact.

12. The relief sought will be effective and appropriate for the entire Plaintiff group.

13. The identity of each individual member of the Plaintiff group can be ascertained from the books and records maintained by the Defendant.

14. There are no conflicts between Plaintiff and the Plaintiff group, and Plaintiff can and will fairly and adequately represent all members of the Plaintiff group and protect their interests.

15. Plaintiff has retained competent attorneys who are experienced in class and collective actions.

16. Because many of the individuals who comprise the Plaintiff group may not be aware of their rights against the TVA, or are not in a financial position to assert such rights, and because relegation of their claims to individual actions would result in unreasonable multiplicity of suits and a corresponding burden on the courts, a collective action is far superior to all other methods for fairly and efficiently adjudicating this controversy.

## **FACTS COMMON TO ALL COUNTS**

17. At all times relevant to this action, Plaintiff is and/or was an "employee," as defined under the FLSA, of Defendant, TVA.

18. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

19. TVA was Plaintiff's employer, as defined under the FLSA.

20. The provisions set forth in § 207 of the FLSA apply to the Defendant, and all members of the Plaintiff group herein were covered by § 207 of the FLSA during the course of their employment by Defendant.

21. TVA failed to pay Plaintiff and the Plaintiff group for overtime worked, in violation of the FLSA.

22. Plaintiff and the members of the Plaintiff group are and/or were not "professionals," "executives," or "administrators," as those terms are defined under the FLSA, and are thus not exempt from the overtime provisions of those statutes.

23. The Defendant acted in bad faith by failing to pay, or to take reasonable steps to ensure that non-exempt employees were paid, overtime compensation for time spent traveling outside their bulletined work hours and on days of scheduled rest. Such actions constitute a violation of rights of Plaintiff and the Plaintiff group pursuant to the FLSA.

24. Defendant, TVA, intentionally and willfully refused and/or failed to pay Plaintiff and the members of the Plaintiff group according to the provisions of the FLSA.

25. The systems and practices of the Defendant which led to the non-payment of overtime are believed to have existed for at least 10 years throughout the Defendant's business.

26. For at least 10 years, the Defendant has been aware of, or should have been aware of, the requirements of the FLSA and its corresponding regulations. Despite this, the Defendant has failed to pay Plaintiff and member of the Plaintiff group certain overtime wages to which they are entitled.

27. There are numerous other similarly situated employees and former employees of the Defendant to whom the Defendant has failed to pay overtime compensation in violation of the FLSA, and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Defendant and are readily identifiable and locatable through the Defendant's records.

28. The Defendant's actions in refusing to pay Plaintiff and the Plaintiff group members overtime compensation has resulted in actual damages to Plaintiff and to each member of the Plaintiff group and the loss of use of the funds to which each was entitled on a timely basis, in an amount to be determined at trial.

29. Defendant's actions in failing to compensate the Plaintiff, as well as other similarly situated employees and former employees of the Plaintiff group, in violation of the FLSA were willful.

30. Defendant has not made a good faith effort to comply with the FLSA.

## CAUSES OF ACTION

### COUNT I: FLSA VIOLATIONS

31. The Plaintiff incorporates by reference each and every allegation of paragraphs 1 through 30, above, as if fully set forth with particularity herein.

32. The aforementioned acts of Defendant, TVA, in failing to pay overtime wages or to take reasonable steps to ensure that non-exempt employees were paid overtime compensation for time spent traveling outside their bulletined work hours and on days of scheduled rest, constitute a violation of the rights of Plaintiff and the Plaintiff group pursuant to the FLSA.

33. As a result of the Defendant's violations, Plaintiff and the members of the Plaintiff group have been damaged in their person and property as set forth herein.

34. Plaintiff and the Plaintiff group's damages under the FLSA include their unpaid overtime compensation, an additional equal amount as liquidated damages, a reasonable attorneys' fee to be paid by the Defendant, prejudgment interest, and the costs of this action.

## COUNT II: OTHER CLAIMS

35. The Plaintiff incorporates by reference each and every allegation of paragraphs 1 through 34, above, as if fully set forth with particularity herein.

36. Plaintiff reserves the right to assert other claims pending discovery.

## PRAYER FOR RELIEF

37. The Plaintiff incorporates by reference each and every allegation of paragraphs 1 through 36, above, as if fully set forth with particularity herein.

38. WHEREFORE, Plaintiff, on his own behalf and on behalf of the Plaintiff group, prays that this Court:

1. At the earliest possible time, allow Plaintiff to give notice, or itself issue such Notice, to all of Defendant's employees within the United States who have worked on a dredging crew during the 10 years immediately preceding the filing of this suit informing them of the filing of this action, the nature of the action, and their right to opt in to this lawsuit if they traveled outside their bulletined working hours or on scheduled days of rest, but were not paid at an overtime rate for such travel, pursuant to 29 U.S.C. § 216(b);

2. Enter judgment against the Defendant, TVA, in an amount equal to the correct overtime compensation due Plaintiff and each member of the Plaintiff group, to be determined at the trial of this action;

3. Enter judgment against the Defendant, TVA, in an amount equal to any further incidental or consequential damages as alleged herein or as determined at the trial of this action;

4. Enter judgment against the Defendant, TVA, in an amount equal to the Plaintiff's and each member of the Plaintiff group's overtime

compensation as liquidated damages pursuant to the FLSA;

5. Award costs and reasonable attorneys' fees pursuant to the FLSA;

6. Award pre-judgment and post-judgment interest at the legal rate; and

7. Grant Plaintiff and the Plaintiff group such other relief as to which they may be entitled, either at law or equity, including, but not limited to, any injunctive and/or declaratory relief.

## **JURY DEMAND**

39. Plaintiff, Douglas Bassett, on behalf of himself and those who are similarly situated, the Plaintiff group, demands a jury to try all issues triable by jury.

Respectfully Submitted,

/s/ Robert W. Bishop
Robert W. Bishop
Jennifer L. McCarty
P. Stewart Abney
Karen D. Campion
BISHOP & ASSOCIATE, P.S.C.
6520 Glenridge Park, Suite 6
Louisville, Kentucky 40222
(502) 425-2600

                                Michael M. Pitman
                                HAVERSTOCK, BELL & PITMAN
                                211 South 12th Street
                                P.O. Box 1075
                                Murray, KY 42071
                                (270) 753-1694

                                **COUNSEL FOR PLAINTIFF**