# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CV-39

**DOUGLAS BASSETT, on Behalf of Himself**
**and the Group He Seeks to Represent**            **PLAINTIFF**

**v.**

**TENNESSEE VALLEY AUTHORITY**            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Compel Discovery (Docket #41). Defendant has responded (Docket #42). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion to Compel is DENIED.

## BACKGROUND

Plaintiff Douglas Bassett worked as a dredging crew heavy equipment operator for Defendant Tennessee Valley Authority from November 14, 1987, to January 4, 2008. Plaintiff worked out of Paducah, Kentucky, but his job also required travel to different locations. For actual hours worked at remote locations, heavy equipment operators were paid overtime. According to Defendant, Plaintiff and other heavy equipment operators were compensated by Defendant for the hours spent traveling to and from those work sites, and they were also given a per diem amount for each day they worked on location and a per diem if they chose to remain at the remote site on their days off. If a heavy equipment operator chose to travel away from the remote work site on a day off, Defendant provided no per diem or compensation for what Defendant considered "voluntary travel time."

Plaintiff has sued Defendant to recover compensation for time spent in travel on his days off. Plaintiff would travel home on the weekends when he was working at a remote site. He was

compensated for his mileage to travel home and back to the work site, but not for the time spent in travel. Plaintiff alleges in his Complaint that Defendant "intentionally and repeatedly misrepresented the availability of compensation for travel outside bulletined hours to its employees and sought to avoid inquiry by employees regarding their entitlement to monies owed to them." Complaint, DN 1, p. 3.

Plaintiff filed a motion for conditional certification of an FLSA collective action. Defendant responded to this motion and also filed a motion for summary judgment. The Court issued an Order on February 22, 2010, denying Defendant's motion for summary judgment and conditionally certifying the following class:

> (1) all present and former employees of the Defendant Tennessee Valley Authority within the United States who work or worked on a dredging crew within the past ten (10) years immediately preceding the filing of this law suit; and
>
> (2) who were subjected to Defendant's illegal practice of failing to pay full and proper time and one half (overtime) for time spent traveling outside of bulletined working hours or on scheduled days of rest.

Memorandum Opinion & Order, DN 36, p. 8. The Court limited the class to "only those individuals who might have FLSA claims within the three-year statute of limitations period." *Id.* at 10.

Plaintiff has now filed a motion to compel discovery. Plaintiff seeks a response to the following interrogatory:

> Identify each and every employee of the TVA covered under the General Agreement and Supplementary Schedules Between Tennessee Valley Authority and the Trades Labor Council for Annual Employees of the Tennessee Valley Authority who, during the relevant time period, was working on one or more long-term assignments, and was not paid for time spent in travel home for travel which occurred outside regularly bulletined hours or on scheduled days of rest.

Plaintiff's Motion to Compel Discovery, DN 41, p. 4. Plaintiff seeks an answer to this interrogatory to "determine whether there are other TVA employees beyond the dredging crew who fit within the second part of the Class definition . . . ." *Id.* Plaintiff believes that other employees similarly situated to Plaintiff may exist based upon statements contained in a letter from Defendant's general counsel that referenced "employees like Mr. Bassett" who were "represented by the Operating Engineeers." *Id.* at 2-3. Defendant argues that Plaintiff misconstrues general counsel's letter, and that the information sought by Plaintiff is irrelevant and unduly burdensome.

## STANDARD

Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1). In doing so, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Motions to compel discovery responses are authorized where a party fails to provide proper responses to interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv). The Federal Rules also provide for sanctions when a motion to compel is granted by the court or when a party fails to comply with the requirements of Rule 26. Fed. R. Civ. P. 37(a)(5)(A); 37(c)(1).

## DISCUSSION

The parties disagree as to the extent and purpose of discovery. Plaintiff believes that discovery permits him to seek information regarding new issues and other possible claims and defenses. In contrast, Defendant argues that discovery is limited to information that is relevant

3

to a party's current claims or defenses, and Plaintiff may not seek information that is only relevant to future claims.

Determining "the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Discovery requests are not limitless. "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)).

The Court's conditional certification of the class in this case limits the claims to those employees of Defendant who worked on the dredging crew. Defendant states that it has already provided the names of all dredging crew employees to Plaintiff's counsel. Any attempts by Plaintiff to obtain the names of employees outside the definition of the class would be beyond the present claims of this action, and therefore irrelevant. *See* Fed. R. Civ. P. 26 advisory committee's note ("[P]arties . . . have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."). Even if the requested information was relevant to Plaintiff's present claims, the Court does not believe Plaintiff has presented sufficient evidence to demonstrate that the information he seeks is not a "fishing expedition." *See, e.g.*, *Boykin v. Comerica Management Co., Inc.*, 2009 WL 2222899, *3-4 (E.D. Mich. 2009) (slip copy). The letter from Defendant's general counsel is ambiguous and general counsel has submitted an affidavit clarifying the meaning of her words to refer only to those dredging crew employees similarly situated to Plaintiff. Without more, the Court believes it would be an

4

unduly burdensome to require Defendant to respond to Plaintiff's interrogatory. Therefore, Plaintiff's motion to compel should be denied.

## **CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery is DENIED.