# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CV-39

**DOUGLAS BASSETT, on behalf of**
**himself and all others "similarly situated"**                                    **PLAINTIFF**

**v.**

**TENNESSEE VALLEY AUTHORITY**                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Notice of Filing (Docket #46). Defendant has objected (Docket #47). Plaintiff has responded (Docket #48). This matter is now ripe for adjudication. For the following reasons, the Court adopts Plaintiff's proposed notice and consent forms with modifications.

## BACKGROUND

Plaintiff Douglas Bassett worked as a dredging crew heavy equipment operator for Defendant Tennessee Valley Authority from November 14, 1987, to January 4, 2008. Plaintiff worked out of Paducah, Kentucky, but his job also required travel to different locations. For actual hours worked at remote locations, heavy equipment operators were paid overtime. According to Defendant, Plaintiff and other heavy equipment operators were compensated by Defendant for the hours spent traveling to and from those work sites, and they were also given a per diem amount for each day they worked on location and a per diem if they chose to remain at the remote site on their days off. If a heavy equipment operator chose to travel away from the remote work site on a day off, Defendant provided no per diem or compensation for what Defendant considered "voluntary travel time."

Plaintiff has sued Defendant to recover compensation for time spent in travel on his days

off. Plaintiff would travel home on the weekends when he was working at a remote site. He was compensated for his mileage to travel home and back to the work site, but not for the time spent in travel. Plaintiff alleges in his Complaint that Defendant "intentionally and repeatedly misrepresented the availability of compensation for travel outside bulletined hours to its employees and sought to avoid inquiry by employees regarding their entitlement to monies owed to them." Complaint, DN 1, ¶ 9.

Plaintiff filed a motion for conditional certification of an FLSA collective action. Defendant responded to this motion and also filed a motion for summary judgment. The Court issued an Order on February 22, 2010, denying Defendant's motion for summary judgment and conditionally certifying the following class:

> (1) all present and former employees of the Defendant Tennessee Valley Authority within the United States who work or worked on a dredging crew within the past ten (10) years immediately preceding the filing of this law suit; and
>
> (2) who were subjected to Defendant's illegal practice of failing to pay full and proper time and one half (overtime) for time spent traveling outside of bulletined working hours or on scheduled days of rest.

Memorandum Opinion & Order, DN 36, p. 8. The Court limited the class to "only those individuals who might have FLSA claims within the three-year statute of limitations period." *Id.* at 10.

In its scheduling order filed on June 7, 2010, the Court ordered Plaintiff to provide proper notice forms to the Court by June 11, 2010. Plaintiff filed his proposed notice forms on that date, and Defendant objected on June 25, 2010. Plaintiff has responded to Defendant's objections. The Court must approve the notice forms prior to Plaintiff notifying other potential class members of this action.

## DISCUSSION

Under the FLSA, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Plaintiff has submitted proposed notice and consent forms to be distributed to potential opt-in plaintiffs. "[A] district court has discretion to facilitate notice to potential plaintiffs." *Pacheco v. Boar's Head Provisions Co.*, 671 F. Supp. 2d 957, 959 (W.D. Mich. 2009) (citing *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). Defendant proposes several changes to Plaintiff's proposed notice and consent forms, which the Court now considers.

### I. Proposed Notice Form

First, Defendant proposes the following language be added to the proposed notice form under the section titled "Your Right to Participate in this FLSA Suit":

> If you file a Consent form, your continued right to participate in this lawsuit may depend upon a later decision by the District Court that you and other Plaintiffs are actually "similarly situated" in accordance with federal law.

Defendant believes this language serves to educate potential plaintiffs of the FLSA class action process. Plaintiff, on the other hand, argues that this language is unnecessary and may only serve to discourage potential opt-in plaintiffs from participating in the lawsuit.

The Court agrees with Plaintiff that this language is unnecessary. The purpose of a notice form in a FLSA lawsuit is to provide "accurate and timely notice concerning the pendency of the collective action" so that each individual has the opportunity to make an informed decision regarding whether to opt-in to the settlement. *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 678 F. Supp. 2d 89, 95 (E.D.N.Y. 2010) (internal citations omitted). The court has

broad discretion in making this determination. *Id.* Defendant's proposed language regarding the right of Defendant to challenge whether opt-in plaintiffs are "similarly situated" is unnecessary to apprise potential opt-in plaintiffs of the pendency of the collective action, nor is it helpful to potential opt-in plaintiffs in making an informed decision.

Next, Defendant proposes the following language be added to the "Effect of Joining this Suit" portion of the notice form:

> If you choose to join in the suit, you will become a Party Plaintiff in this case. As such, you may be required to participate in discovery proceedings, including providing information and appearing for a deposition if such is requested of you. You may also be required to appear and testify at the trial of this case. In any event, if you choose to join this lawsuit, you will be bound by any judgment entered or settlement reached in the case, whether it is favorable or unfavorable.

Defendant asserts that many courts have ruled that such language informing potential opt-in plaintiffs of their duties as a party plaintiff must be included in the notice form. In contrast, Plaintiff argues that potential opt-in plaintiffs need only be advised of their obligations before the consent form is filed, and Plaintiff's counsel may provide this information separate from the notice form.

The Court finds that language advising potential opt-in plaintiffs of their obligations as a party plaintiff is necessary to help them make an informed decision. Therefore, the notice form shall include some language to this effect. Plaintiff has proposed the following language from a District of Minnesota case: "If you choose to join this action, you will be expected to participate in the litigation, which may include being asked to respond to written questions, appear for a deposition, and testify at trial." *Ahle v. Veracity Research Co.*, 09-00042 ADM/RLE, 2009 U.S. Dist. LEXIS 86590, *20 (D. Minn. Sept. 23, 2009). The Court believes this language is appropriate and will be added to the proposed notice form.

Defendant's third objection revolves around the inclusion of the following notice at the end of the form:

> THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY. THE FEDERAL DISTRICT COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING WHETHER PLAINTIFF IS ENTITLED TO RECOVER. PLEASE DO NOT CALL OR WRITE THE COURT. IT CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.

Defendant believes this language is necessary to ensure that potential opt-in plaintiffs do not mistakenly believe that the Court agrees with Plaintiff's allegations. Plaintiff believes this issue has already been addressed in Plaintiff's proposed notice form, and the additional language proposed by Defendant is unnecessary.

Plaintiff's proposed notice form states towards the beginning that "[t]his Notice has been sent out under the authority of the Court" and towards the end "[d]o not contact the Court directly." The Court believes that Defendant's concern is a valid one, and potential opt-in plaintiffs should be advised that the Court is a neutral party. Moreover, putting all information regarding the Court at the end of the notice is more practical and less confusing to readers. *See Bailey v. Youth Villages, Inc.*, No. 07-1089, 2008 WL 2987201, *2 (W.D. Tenn. July 30, 2008). However, this information need not be in all caps. The Court believes the following inserted language is acceptable:

> Although the contents of this Notice and its mailing by Plaintiff have been authorized by the United States District Court for the Western District of Kentucky, the Court has not yet taken any position regarding the merits of Plaintiff's claims or Defendant's defenses. Please do not call or write the Court. The Court may not answer questions concerning this lawsuit or this notice.

This language shall be located at the conclusion of the notice form under the section titled

"Further Information."

Finally, Defendant believes potential opt-in plaintiffs should be informed in the notice form of their right to choose their own counsel:

> If you decide to participate in this lawsuit, you are entitled to be represented by an attorney of your own choosing. Your attorney must file a "Consent to Become a Party Plaintiff" form on your behalf.
>
> If you decide to be represented by plaintiff's counsel, your attorneys in this action will be:
>
> [NAMES OF AND CONTACT INFORMATION FOR PLAINTIFF'S COUNSEL]

Defendant also proposes that potential opt-in plaintiffs should be advised that they may seek additional information about the lawsuit by reviewing the court file in the Clerk's Office:

> Further information about this lawsuit may also be obtained by reviewing the court file in the Clerk's Office, 501 Broadway, Suite 127, Paducah, Kentucky.

According to Defendant, Plaintiff's proposed notice form informs potential opt-in plaintiffs that they must agree to be represented by Plaintiff's counsel, and provides no further source for additional information about the lawsuit. Plaintiff cites to several court opinions which he argues do not require the notice form to inform potential opt-in plaintiffs of their right to obtain their own counsel. Plaintiff does not appear to object to the inclusion of the language concerning the Clerk's Office.

Both parties cite district court case law in support of their claims. There appears to be a split amongst the federal courts in that some courts require the notice form to apprise potential opt-in plaintiffs of their right to obtain independent legal counsel, *see, e.g.*, *Gayle v. United States*, 85 Fed. Cl. 72, 81 (Fed. Cl. 2008), while others believe it is unnecessary so long as potential opt-in plaintiffs are told they can file their own lawsuit. *See, e.g.*, *Martinez v. Cargill*

6

*Meat Solutions*, 265 F.R.D. 490, 500 (D. Neb. 2009).

The Court finds that Plaintiff's argument is more persuasive. Additional counsel would only serve to complicate the procedural issues of this case. Further, potential opt-in plaintiffs are properly advised of their right to file their own lawsuit. Plaintiff's counsel represents the interests of the entire class. Defendant's language only serves to confuse this issue. Therefore, the Court adopts Plaintiff's language. Defendant's language in the statute of limitations section, however, is adopted to state that potential opt-in plaintiffs may also stop the running of the statute of limitations by filing a separate lawsuit.

## II.     Proposed Consent Form

Both parties have submitted a proposed consent form. Defendant argues that its consent form contains more substantive information that will allow the Court to make a more informed initial decision as to the inclusion of each potential opt-in plaintiff. Beyond citing to a case that approved the use of Defendant's consent form, Defendant has provided no case law supporting the notion that Plaintiff's consent form is not satisfactory. Most of Defendant's additional language again deals with the representation issue addressed previously. The Court believes Plaintiff's consent form is sufficient, and approves its use.

## CONCLUSION

For the foregoing reasons, Plaintiff's proposed notice form is adopted with modifications, and Plaintiff's proposed consent form is adopted without modification. A sample of the approved notice form is attached to this Memorandum Opinion and Order.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-39

DOUGLAS BASSETT,
on behalf of himself and all
others "similarly situated"                                                PLAINTIFF

v.

TENNESSEE VALLEY AUTHORITY                                    DEFENDANT


## NOTICE OF PENDING OVERTIME WAGE LAWSUIT

To:        All Present or Former Employees of TVA Who Work or Worked on a
           Dredging Crew at Any Time from March 11, 2006 to the Present

Date:      [DATE]

Regarding: Overtime Wage Litigation Filed Against TVA

### Introduction

The purpose of this Notice is to inform you of the existence of and your right to join a lawsuit seeking to recover overtime wages, additional compensation, prejudgment interest, and attorneys' fees and costs expended, which you and others who join the lawsuit may be entitled to recover if the lawsuit is successful. This Notice will advise you of how your rights may be affected by this lawsuit. Finally this Notice will provide you with directions on how to participate in the lawsuit, should you desire to do so.

### Description of Lawsuit

The Tennessee Valley Authority (TVA) is the Defendant in this lawsuit filed by the Plaintiff, Douglas Bassett, on behalf of himself and all others similarly situated. The Plaintiff

alleges that TVA failed to pay members of the dredging crew overtime wages for time they spent traveling during non-work hours between their official stations and remote worksites in violation of the Fair Labor Standards Act (FLSA).  Mr. Bassett claims that he and those similarly situated are entitled to be paid overtime wages, additional compensation, prejudgment interest and attorneys' fees and costs.  The TVA denies Plaintiff's claims.

### Your Right to Participate in this FLSA Suit

If you are a present or former employee of TVA who works or worked on a dredging crew at any time from March 11, 2006 to the present, you have the right to join the pending lawsuit against TVA.

If you want to participate in the lawsuit, you must indicate your intent to join the action. **If you want to participate, you need only complete, sign, and fax or mail a copy of your "Consent to Become a Party Plaintiff" form, which is attached to this Notice, to the following address:**

> **Robert W. "Joe" Bishop, Esq.**
> BISHOP & ASSOCIATES, P.S.C.
> 6520 Glenridge Park Place, Suite 6
> Louisville, KY 40222
> Phone: (502) 425-2600
> Fax: (502) 425-9115
> Attorneys for Plaintiff, Douglas Bassett,
> and Others Similarly Situated

If you fail to return the "Consent to Become a Party Plaintiff" form to the address above by **[INSERT 60 DAYS FROM THE DATE OF THE NOTICE IN BOLD]**, you may not be permitted to participate in this lawsuit.

Failing to return a "Consent to Become a Party Plaintiff" form postmarked on or before the deadline above means that you may not be allowed to participate in any settlement or

judgment for damages under the Fair Labor Standards Act as part of this lawsuit.

## Statute of Limitations

The Fair Labor Standards Act contains a limitation period of at least two years and potentially up to three years for the filing of a claim for unpaid overtime wages, after which the claim is forever barred. The statute of limitations on your claim for unpaid wages will not stop running unless you (1) elect to submit a "Consent to Become a Party Plaintiff" form and that form is filed with the Court, or (2) file a separate lawsuit. In the event that you decide not to file a "Consent to Become a Party Plaintiff" form in this lawsuit, you should consult with an attorney on your own as to how the statute of limitations would apply to your claim.

## Effect of Joining This Suit

If you choose to join this action, you will be expected to participate in the litigation, which may include being asked to respond to written questions, appear for a deposition, and testify at trial.

If you choose to file a "Consent to Become a Party Plaintiff" form and the Court later permits your claims to proceed to trial as part of the collective action, you will be bound by any judgment regarding the FLSA claims entered in this case, whether favorable or unfavorable.

If you choose to join this lawsuit, you will be represented by the law firms currently representing the Plaintiff, Douglas Bassett. The attorneys for the Plaintiff are being paid on a contingency fee basis, which means that if there is no recovery, there will be no payment to the attorneys.

If you return a "Consent to Become a Party Plaintiff" form, you should be aware that important decisions concerning the prosecution of this case including for FLSA claims may be

made on your behalf by Douglas Bassett and his attorneys.

## No Legal Effect In Not Joining This Suit Other Than The
## Continued Running Of The Statute of Limitations On Your Claim

If you choose not to join this collective action, you will not be affected by any judgment or settlement in this case on this claim, and you will not be bound by any judgment on the Fair Labor Standards Act claims, whether favorable or unfavorable to the class.  If you choose not to file a "Consent to Become a Party Plaintiff" form, you are free to file your own lawsuit.  If you choose not to file a "Consent to Become a Party Plaintiff" form, the statute of limitations on your potential claims will continue to run until such time as you file a lawsuit on your own behalf, and will eventually run out, barring your claim, if you do not either join this action or file your own claim.

## No Retaliation Permitted

Federal law prohibits TVA or its agents from discharging or in any manner discriminating against you because you elect to join this action by filling out and returning the "Consent to Become a Party Plaintiff" form or otherwise exercise your rights under the Fair Labor Standards Act.

## Your Legal Representation If You Join

If you choose to join this lawsuit and you agree to be represented by Douglas Bassett, through his attorneys, your counsel in this action will be:

| | |
|---|---|
| Robert W. Bishop, Esq. | Michael M. Pitman, Esq. |
| Jennifer L. McCarty, Esq. | HAVERSTOCK, BELL & PITMAN |
| Corey Ann Finn, Esq. | 211 South 12th Street |
| BISHOP & ASSOCIATES, P.S.C. | P.O. Box 1075 |
| 6520 Glenridge Park Place, Suite 6 | Murray, KY 42071 |
| Louisville, KY 40222 | Phone: (270) 753-1694 |
| Phone: (502) 425-2600 | E-mail: mike@haverstocklaw.com |
| E-mail: firm@bishoplegal.net | |

## Further Information

Further information about this Notice, the deadline for filing a "Consent to Become a Party Plaintiff," or other information concerning this lawsuit may be obtained by writing, telephoning or sending an e-mail to any of the attorneys listed above at the numbers or addresses stated above. Further information about this lawsuit may also be obtained by reviewing the court file in the Clerk's Office, 501 Broadway, Suite 127, Paducah, Kentucky.

Although the contents of this Notice and its mailing by Plaintiff have been authorized by the United States District Court for the Western District of Kentucky, the Court has not yet taken any position regarding the merits of Plaintiff's claims or Defendant's defenses. Please do not call or write the Court. The Court may not answer questions concerning this lawsuit or this notice.