# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CV-39

**DOUGLAS BASSETT, on Behalf of Himself**
**and All Others "Similarly Situated"**　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**

**TENNESSEE VALLEY AUTHORITY**　　　　　　　　　　　　　　　　**DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Amend Complaint and to Amend Motion to Certify Class (Docket #69). Defendant has responded (Docket #70). Plaintiff has replied (Docket #73). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is GRANTED.

## BACKGROUND

Plaintiff Douglas Bassett worked as a dredging crew heavy equipment operator for Defendant Tennessee Valley Authority from November 14, 1987 to January 4, 2008. Plaintiff worked out of Paducah, Kentucky, but his job also required travel to different locations. For actual hours worked at remote locations, heavy equipment operators were paid overtime. According to Defendant, Plaintiff and other heavy equipment operators were compensated by Defendant for the hours spent traveling to and from those work sites, and they were also given a per diem amount for each day they worked on location and a per diem if they chose to remain at the remote site on their days off. If a heavy equipment operator chose to travel away from the remote work site on a day off, Defendant provided no per diem or compensation for what Defendant considered "voluntary travel time."

Plaintiff has sued Defendant to recover compensation for time spent in travel on his days

off. Plaintiff would travel home on the weekends when he was working at a remote site. He was compensated for his mileage to travel home and back to the work site, but not for the time spent in travel. Plaintiff alleges in his complaint that Defendant "intentionally and repeatedly misrepresented the availability of compensation for travel outside bulletined hours to its employees and sought to avoid inquiry by employees regarding their entitlement to monies owed to them." Compl., DN 1, ¶ 9.

Plaintiff filed a motion for conditional certification of an FLSA collective action, seeking conditional certification of the following collective action group:

> (1) all present and former employees of the Defendant Tennessee Valley Authority within the United States who work or worked on a dredging crew within the past ten (10) years immediately preceding the filing of this law suit; and
>
> (2) who were subjected to Defendant's illegal practice of failing to pay full and proper time and one half (overtime) for time spent traveling outside of bulletined working hours or on scheduled days of rest.

Mem. Op. & Order, DN 36, p. 8. Both parties agreed that the definition of Plaintiff's proposed collective action group was proper, but Defendant objected to the ten year time period. The Court granted in part and denied in part Plaintiff's motion, granting conditional certification but limiting the definition to "only those individuals who might have FLSA claims within the three-year statute of limitations period." *Id.* at 10.

On August 5, 2010, the Court adopted Plaintiff's proposed notice and consent forms with modification. Five additional dredging crew members have consented to join this collective action as opt-in Plaintiffs. Plaintiff now seeks to amend his Complaint in order to expand the collective action group from "dredging crew" to "Project Services." Defendant objects to this amendment. This matter is currently set for trial on September 27, 2011.

2

**STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted).

**DISCUSSION**

Plaintiff seeks to amend his Complaint to expand the collective action group from "dredging crew" to "Project Services." Specifically, Plaintiff seeks to amend the definition of the proposed collective action group to include:

> (1) all present and former employees of the Defendant Tennessee Valley Authority within the United States who work or worked for Project Services within the past three (3) years immediately preceding the filing of this law suit; and
>
> (2) who were subjected to Defendant's illegal practice of failing to pay full and proper time and one half (overtime) for time spent traveling outside of bulletined working hours or on scheduled days of rest.

Pl. Mot. to Amend, DN 69, p. 4-5. Plaintiff bases his amendment on the testimony of David Miller, a former TVA supervisor who has opted in as a Party Plaintiff in this action. During Mr. Miller's deposition on March 10, 2011, Plaintiff asserts that he learned for the first time that "all

employees who reported to Larry Radford were denied this travel pay, not just members of the 'dredging crew.'" Pl. Mot. to Amend, DN 69, p. 3. Larry Radford was the manager of "Project Services," a division of the "Heavy Equipment Division," during the time period in question. The dredging crew made up part of "Project Services."

Defendant argues that Plaintiff has failed to establish good cause for amending the scheduling order to allow expansion of the collective action group over sixteen months after the original deadlines passed. In addition, Defendant notes that it would suffer prejudice if the Court allows Plaintiff to amend the proposed collective action group to include those who worked for "Project Services." Although Defendant relies on Rule 16, Plaintiff has not moved to amend the scheduling order. Thus, this rule does not apply.[1] Instead, the applicable rule in this case is Rule 15(a)(2), which permits a party to amend its pleading with permission of the Court when justice so requires. *See* Fed. R. Civ. P. 15(a)(2).

Plaintiff asserts that additional similarly situated individuals exist and the proposed collective action group should be amended to include these individuals. The Sixth Circuit has noted that, at the notice stage in an FLSA action, the plaintiff must only show that "'his position is similar, not identical, to the positions held by the putative class members.'" *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006) (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Thus, the standard for "similarly situated" is fairly lenient at the notice stage. *Id.* at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). Plaintiff asserts that all "Project Services" employees were

---

[1] The Court acknowledges, however, that if Plaintiff's motion to amend is granted, the schedule will undoubtedly need to be altered.

supervised by Larry Radford, worked within the "Heavy Equipment Division," and were denied pay for travel outside their bulletined working hours or scheduled days of rest.

Plaintiff asserts that Defendant will not be prejudiced by Plaintiff's proposed amendment because Defendant knew or should have known that these additional employees existed. Yet Defendant failed to disclose such employees to Plaintiff when requested. Plaintiff also notes that an amendment would serve the interests of judicial economy by avoiding duplicative litigation. In contrast, Defendant argues that Plaintiff's proposed amendment will result in additional costs and discovery as well as prolonged litigation. Defendant notes that this case has been ongoing for over two years.

Although the Court is reluctant to delay this case further, the Court believes the interests of justice are best served by allowing Plaintiff to amend his Complaint and the proposed definition of the collective action group. This will prevent duplicative litigation over the same issues. In addition, Defendant will have ample opportunity to challenge certification of the collective action group at the next stage of the proceedings. The Court will extend the current deadlines as necessary so that neither party is prejudiced. Finally, the Court does not believe that Plaintiff's motion is the result of " undue delay, bad faith or dilatory motive." *Miller*, 346 F.3d at 690. Because the standard of "similarly situated" employees is lenient at this stage, and the Court should give leave to amend freely, Plaintiff's motion is granted.

Plaintiff's First Amended Complaint is deemed filed as of the date of this Memorandum Opinion and Order.[2] Plaintiff's motion to certify the class is modified accordingly and granted

---

[2]Similar to Plaintiff's original Complaint, Plaintiff's First Amended Complaint references a ten-year time period preceding the filing of his action. The Court rejected Plaintiff's equitable tolling argument in its February 22, 2010, Memorandum Opinion and Order. Plaintiff's claims,

for the reasons set forth in this opinion. Additionally, the Court approves Plaintiff's proposed amended notice form.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint and to Amend Motion to Certify Class is GRANTED.

A telephonic status/scheduling conference is SET for **May 25, 2011,** at **10:00 a.m. CDT**.

---

and those of the opt-in Party Plaintiffs, are still limited to the two or three year statute of limitations period set forth in the FLSA, 29 U.S.C. § 255. *See, e.g.*, *Hasken v. City of Louisville*, 234 F. Supp. 2d 688, 691-92 (W.D. Ky. 2002).